IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

FILED

MAY 03 2023

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT. WESTERN DIST. OKLA.
BY_____,DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. CR 23-183 PRW |
| -vs- | ) ) | Violations: 18 U.S.C. § 201(b)(1)(C) |
| CANDY HANZA and ALFRED PALMA, | ) ) ) | 18 U.S.C. § 201(b)(2)(C) 18 U.S.C. § 1343 18 U.S.C. § 1957(a) |
| Defendants. | ) ) ) | 18 U.S.C. § 981(a)(1)(C) 18 U.S.C. § 982(a)(1) 28 U.S.C. § 2461(c) |

# INDICTMENT

The Federal Grand Jury charges:

## Introduction

At all times relevant to this Indictment:

1.   **CANDY HANZA** was a resident of Lawton, Oklahoma. She was the general manager of Comfort Suites—a franchise hotel in Lawton, Oklahoma—from approximately December 2008 through May 2021.

2.   From in or about 2016 to in or about June 2021, **ALFRED PALMA** was the manager, also known as the Ordering Officer ("OO"), for the Institutional Training Directed Lodging and Meals ("ITDLM") at Fort Sill, a United States Army post near Lawton.

3.  The ITDLM was a United States Army program that managed lodging for soldiers who attended long-term trainings at Fort Sill. As the OO for the ITDLM, **PALMA** was responsible for booking hotel rooms for soldiers who attended these trainings.

4.  Comfort Suites and Sleep Inn, another franchise hotel in Lawton, both had contracts, known as Blanket Purchase Agreements ("BPAs"), with the Army. Per the terms of those BPAs, Comfort Suites and Sleep Inn housed soldiers at a rate of $90.00 per soldier, per night.

5.  If no rooms were available at the on-post Army hotel in Fort Sill, **PALMA** had a duty, as the OO, to distribute soldiers equally between the Sleep Inn and Comfort Suites.

6.  After **PALMA** booked the rooms at Comfort Suites or Sleep Inn, the Government Purchase Card ("GPC") cardholder, A.K., travelled to the hotels to make credit card purchases for the reserved rooms in person.

7.  **PALMA**'s main point of contact at Comfort Suites was **HANZA**. **PALMA** and **HANZA** were also friends.

## COUNT ONE
### (Paying a Bribe to a Public Official)

8.  The Federal Grand Jury incorporates Paragraphs 1-7 by reference.

9.  From in or about October 2019 through in or about October 2020,

in the Western District of Oklahoma,

————————————CANDY HANZA————————————

directly and indirectly, corruptly gave, offered, and promised a thing of value to a public official—**ALFRED PALMA**—with intent to induce **PALMA** to do an act and omit to do an act in violation of his official duty. In particular, **HANZA**, as Comfort Suites' general manager, corruptly provided United States currency in the form of checks and Money Gram payments to **PALMA** in exchange for **PALMA**'s favorable treatment of Comfort Suites when booking off-post lodging for soldiers who attended trainings at Fort Sill. **HANZA** then personally profited through her own scheme to defraud Comfort Suites.

All in violation of Title 18, United States Code, Section 201(b)(1)(C).

## COUNT TWO
### (Public Official Accepting a Bribe)

10. The Federal Grand Jury incorporates Paragraphs 1-7 by reference.

11. From in or about October 2019 through in or about October 2020, in the Western District of Oklahoma,

————————————ALFRED PALMA,————————————

a public official, directly and indirectly corruptly demanded, sought, received, accepted, and agreed to receive and accept something of value from **CANDY HANZA**, in return for being induced to do an act and omit to do an act in

violation of his official duty. In particular, **PALMA** corruptly received United States Currency in the form of checks and Money Gram payments from **HANZA** in exchange for favoring Comfort Suites, where **HANZA** was general manager, when booking off-post lodging for soldiers who attended trainings at Fort Sill.

All in violation of Title 18, United States Code, Section 201(b)(2)(C).

## The Scheme to Defraud Comfort Suites

12. From in or about September 2018 through at least in or about December 2020, the GPC was a Mastercard, account number xxx5215 ("the GPC"). Mastercard payments were processed through U.S. Bank in Minneapolis, Minnesota.

13. Liberty National Bank ("LNB") was a federally insured financial institution with offices in Lawton, Oklahoma, and elsewhere. **HANZA** maintained a small business checking account at LNB under the name Endeavor Travel LLC, account number xxx4501 ("the Endeavor Travel Account").

14. City National Bank and Trust ("CNB") was a federally insured bank based in Lawton, Oklahoma, with branches throughout Oklahoma and Kansas. Comfort Suites maintained a checking account at CNB under the name of its parent company, New Vision Hospitality, account number xxx6702

("the New Vision Account").

15. From in or about September 2018 until in or about October 2020, it was part of the scheme to defraud that:

A. **HANZA**, as the general manager of Comfort Suites, told Comfort Suites' co-owner, A.J., that the United States Army was no longer paying for soldiers' lodging through the BPA by credit card. Instead, **HANZA** said, the Army had begun paying by check. This, as **HANZA** well knew, was a lie.

B. In addition, **HANZA** informed A.J. that the government rate per the BPA was $74.00 per soldier, per night, and that the Army was charging a 10% commission fee for any BPA transactions. In truth, the government rate was $90.00 per soldier, per night, and the Army charged no such commission fee.

C. Without A.J. or his co-owners' knowledge, **HANZA** ran payments from the GPC through the Endeavor Travel Account at the correct rate of $90.00 per soldier, per night. **HANZA** then wrote checks from the Endeavor Travel Account to the New Vision Account at the rate of $74.00 per soldier, per night, and pocketed the $16.00 per soldier, per night, difference.

## Executions of the Scheme to Defraud

## COUNTS THREE-EIGHT
(Wire Fraud)

16.   The Federal Grand Jury incorporates paragraphs 1, 3-5, 12-13, and 15 by reference.

17.   On or about the following dates, in the Western District of Oklahoma and elsewhere,

——————————————CANDY HANZA,——————————————

for the purpose of executing the above-described scheme to defraud in a material manner, knowingly caused signals to be transmitted by means of wire communications in interstate commerce. In particular, **HANZA** caused interstate wire communications to transmit funds from the United States Army through the GPC card to her Endeavor Travel Account as follows:

| Count | Approximate Date | Amount |
|---|---|---|
| 3 | October 4, 2018 | $119,250.00 |
| 4 | October 11, 2018 | $87,210.00 |
| 5 | September 5, 2019 | $96,030.02 |
| 6 | September 24, 2019 | $176,130.00 |
| 7 | September 3, 2020 | $113,850.00 |
| 8 | September 23, 2020 | $114,840.00 |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS NINE-TWELVE
### (Money Laundering)

18.  The Federal Grand Jury incorporates Paragraphs 1, 3-5, 12-13, 15, and 17 by reference.

19.  Between in or about January 2018 and in or about June 2021, the Endeavor Travel Account received approximately $3,100,000.00 in GPC payments. The Account received only $370,000.00 from other sources.

20.  In addition to Endeavor Travel, **HANZA** owned Americab LLC, a Lawton-based taxi and courier service, as well as Nice Ice Baby LLC, a daquiri lounge also located in Lawton, Oklahoma. **HANZA** maintained two additional LNB small business checking accounts for these entities: (1) account number xxx2829, in the name of Americab LLC ("the Americab Account"), and; (2) account number xxx0294, in the name of Nice Ice Baby LLC ("the Nice Ice Account").

21.  On or about the following dates, in the Western District of Oklahoma and elsewhere,

————————————**CANDY HANZA**————————————

knowingly engaged in monetary transactions through a financial institution, affecting interstate commerce, in criminally derived property worth more than

...

$10,000.00. In particular, **HANZA** made the following withdrawals and transfers of funds from the Endeavor Travel Account, such property having been derived from wire fraud, a specified unlawful activity under Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1), as follows:

| Count | Approximate Date | Amount | Description of Transaction |
|---|---|---|---|
| 9 | January 17, 2020 | $12,500.00 | Cash withdrawal |
| 10 | December 3, 2020 | $12,000.00 | Wire transfer to the Americab Account |
| 11 | January 21, 2021 | $20,000.00 | Wire transfer to the Nice Ice Account |
| 12 | February 1, 2021 | $37,304.33 | Official check #218524 made payable to "Nice Ice Baby" |

All in violation of Title 18, United States Code, Section 1957(a).

## FORFEITURE ALLEGATIONS

The allegations contained in this Indictment are hereby re-alleged and incorporated for the purpose of alleging forfeiture.

Upon conviction of any of the offenses alleged in Counts 1 and 3-8 of this Indictment, **CANDY HANZA** shall forfeit to the United States any property, real or personal, constituting or derived from proceeds traceable to the offense(s), including but not limited to a money judgment representing the amount of proceeds obtained as a result of the offense(s).

Upon conviction of any of the offenses alleged in Counts 9-12 of this Indictment, **CANDY HANZA** shall forfeit to the United States any property, real or personal, involved in such offense(s), or traceable to such property, including but not limited to a money judgment representing the amount of proceeds obtained as a result of the offense.

Upon conviction of the offense alleged in Count 2 of this Indictment, **ALFRED PALMA** shall forfeit to the United States any property, real or personal, constituting or derived from proceeds traceable to the offense, including but not limited to a money judgment representing the amount of proceeds obtained as a result of the offense.

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), **CANDY HANZA** and **ALFRED PALMA** shall forfeit substitute property, up to the value of the property described above, if, by any act or omission of the defendants, the property described above, or any portion of that property, cannot be located upon the exercise of due diligence; has been transferred or sold to or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Section 982(a)(1), and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

*[signature]*

FOREPERSON OF THE GRAND JURY

ROBERT J. TROESTER
United States Attorney

*Julia E. Barry*
JULIA E. BARRY
Senior Litigation Counsel